ORIGINAL

Alice A. Howll
Burl A. Howell
1128 Osceola Rd.
Drumore, PA 17518         Defendants, *Pro Se*
717-548-2872
717-548-0897 (fax)



FILED
APR 11 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NuCar Connection, Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No.   05 - 210 |
| v. | ) | |
| | ) | |
| Alice A. Howell, | ) | |
| Burl A. Howell, | ) | |
| | ) | |
| Defendants | ) | |

NOTICE OF REMOVAL

Defendants Alice A. Howell (hereafter "Defendant") and Burl A. Howell (hereafter "Co-defendant"), by and through themselves, hereby file this Notice of Removal from Superior Court as to Defendant and Court of Common Pleas as to Co-defendant, in and for New Castle County, State of Delaware, where this action is now pending, to the United States District Court for the District of Delaware, and, in support thereof, avers as follows:

1. On or about 8/27/2002, Plaintiff's original Complaint was filed with the Prothonotary of the Court of Common Pleas in and for New Castle County, State of Delaware and docketed as Civil Action No. 2002-08-521. A certified copy of the docket is attached as EXHIBIT A.

2. Defendant and Co-defendant first received notice of the state court action when copies

of the Plaintiff's Writ of Summons then naming only Defendant Alice A. Howell as a party defendant was handed to Co-defendant, A/K/A "ANDY HOWELL," on or about 9/11/2002. See EXHIBIT A, Page 1.

3. On or about 5/5/2003, Plaintiff amended its complaint to join Co-defendant and served it upon Defendant Alice A. Howell's former counsel purporting in this manner to personally serve the Co-defendant with process in the state court proceeding. See EXHIBIT A, Page 3.

4. Plaintiff's <u>Second Amended Complaint</u> alleges breach of contract, unjust enrichment, defamation, and fraud against Defendant and Co-defendant in connection with Defendant Alice A. Howell's purchase of an automobile from Plaintiff. See <u>Second Amended Complaint</u> attached as EXHIBIT B.

5. Purported trial on Plaintiff's <u>Second Amended Complaint</u> was purportedly noticed to Defendant and Co-defendant by facsimile from Defendant's former legal counsel. See EXHIBIT A, Page 5.

6. Both Defendant and Co-defendant failed to appear for purported trial and judgment for breach, slander, and fraud was entered against them on or about 9/21/2004. See EXHIBIT A, Page 5-6.

7. On or about 10/7/2004, Co-defendant filed a case dispositive motion to dismiss for lack of personal and subject matter jurisdiction. See EXHIBIT A, Page 6.

8. On or about 11/12/2004, Co-defendant was heard and decision on his motion to dismiss was reserved. See EXHIBIT A, Page 6.

9. On or about 11/16/2004, the state court vacated default judgment but is continuing to reserve decision on the case dispositive motion to dismiss. See EXHIBIT A, Page 6.

10. An initial pleading setting forth a federal defense completely preempting Plaintiff's state cause of action was served on Plaintiff's counsel on 3/19/2005 by Co-defendant in the state court proceeding as a pleading entitled <u>Consolidated Opening Brief In Support of Motion to Dismiss ...</u> with its table of contents directing attention to title on page 25: <u>Truth As An Absolute Defense To Fraud, How the Federal Truth In Lending Act Applies, And How Its Application Defeats Subject Matter Jurisdiction</u>.

11. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed in this Court on 4/11/2005, within thirty days of the date of service, 3/19/2005, of the aforesaid pleading upon Plaintiff's counsel.

12. Even though no federal question may be apparent from the face of the Plaintiff's most currently amended complaint, federal question removal under 28 U.S.C. §1331 is proper here under the "artful pleading" corollary to the well-pleaded complaint rule. The "artful pleading" corollary applies when a plaintiff has omitted to plead necessary federal questions, as, for example, "where federal law completely preempts a plaintiff's state-law claim." <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 118 S. Ct. 921, 925 (1998); see also, <u>Metropolitan Life Ins. Co. V. Taylor</u>, 481 U.S. 58 (1987). In denying plaintiff's motion for remand, the district court in <u>Wheeling-Pittsburgh Steel Corp. v. Mitsui & Co.</u>, 26 F. Supp.2d 1022, 1025 (S.D. Ohio 1998), recently stated: "[I]f a plaintiff seeks to assert only a state law claim in an area in which the Federal Constitution, laws, or treaties have preempted the field, the well-pleaded complaint rule must give way to the supremacy of federal law."

13. In this case the federal right to rescission, afforded state citizens under 15 U.S.C. §1601(a) and 12 C.F.R. 226. 1, *et seq.*, co-exercised by Defendant and Co-defendant as pled by

Plaintiff's counsel, to rescind an agreement for "a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling," 26 C.F.R. § 226.23, arises under the foregoing Federal Laws.

14. Core principles of the foregoing Federal Laws are implicated by Plaintiff's request to have state court impose sanction of default judgment for failure to attend trial or otherwise plead where Plaintiff's counsel has now moved to compel Defendant and Co-defendant to appear for deposition, while state court holds a case dispositive motion on reserve, and where Plaintiff has already filed a copy of its judgment against Co-defendant's wife in the Court of Common Pleas of Lancaster County, PA, Civil Action - Law No. CI-0-11929 which, when combined with a default judgment against him, would constitute a lien upon principle dwelling under 231 Pa. Code Rule 3023 (adopted Dec. 19, 2003, eff. July 1, 2004, 34 Pa. B. 22) which states: "Except as provided by subdivision (b), a judgment when entered in the judgment index shall create a lien on real property located in the county, title to which at the time of entry is recorded in the name of the person against whom the judgment is entered."

15. Even if certain other of Plaintiff's causes of action could be deemed not to present a federal question independently warranting the Court's exercise of jurisdiction, the Court would have supplemental jurisdiction over them in any event under 28 U.S.C. § 1441(c) which states: "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

16. Upon filing this Notice of Removal, written notice of this filing is being provided as

required by law. A copy of this Notice also is being filed with Superior Court and the Court of Common Pleas in and for New Castle County, State of Delaware, where this action is pending.

17. Defendant and Co-defendant hereby request a trial by jury of any portion of this action that is found to be so triable.

18. If upon examination of this Notice the Court finds the case to be removable, the Co-defendant, suffering severe mental impairment as indicated by Social Security Administration determination dated 3/30/2001, but who as a Pennsylvania resident would not be entitled to free representation by a legal aid service in Delaware due to residency in Pennsylvania, hereby makes a request, joined in by Defendant, to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Pennsylvania where, in the interest of justice, they may obtain the services of a lawyer, Stephen J. Devine, Esquire, of Armstrong & Carosella, P.C., 882 South Matlack Street, Suite 101, West Chester, PA 19382, willing and able to represent them as Pennsylvania residents in the federal court system under less financially burdensome terms in a court in which Mr. Devine is licensed to practice, that is located more conveniently to him and their witnesses considering the location of their home in Pennsylvania, Mr. Devine's offices in West Chester and Media, Pennsylvania, and their witnesses relating to residency and income such as Defendant's accountant, David Hughes, in Media, Pennsylvania.

Respectfully submitted,

*[signatures: Burl A. Howell and Alice A. Howell]*

Burl A. Howell and   Alice A. Howell
1128 Osceola Rd.
Drumore, PA 17518
717-548-2872

Alice A. Howll
Burl A. Howell
1128 Osceola Rd.
Drumore, PA 17518                    Defendants, *Pro Se*
717-548-2872
717-548-0897 (fax)

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NuCar Connection, Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| Alice A. Howell, ) | |
| Burl A. Howell, ) | |
| ) | |
| Defendants ) | |

### CERTIFICATE OF SERVICE

Defendants Alice A. Howell and Burl A. Howell, by and through themselves, hereby certify that a true and correct copy of the foregoing Notice of Removal was served via United States Mail, first class, postage prepaid, upon the following counsel of record:

>Douglas A. Shachtman, Esq.
>Suite 302
>1200 Pennsylvania Ave.
>Wilmington, DE 19806

*/s/ Burl A. Howell*     and     */s/ Alice A. Howell*
Burl A. Howell            Alice A. Howell
1128 Osceola Rd.          (Same address)
Drumore, PA 17518
717-548-2872              (Same phone)

EXHIBIT A

NUCAR CONNECTION INC.,
          -- VS --          C.A. NO 02-08-521
ALICE A. HOWELL
BURL A. HOWELL

(STATE OF DELAWARE)
(NEW CASTLE COUNTY)

    I, THE UNDERSIGNED, CLERK OF THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN NEW CASTLE COUNTY, DO HEREBY CERTIFY THAT THE FOREGOING PAGES CONTAIN A TRUE COPY OF THE WHOLE RECORD AND JUDICIAL PROCEEDINGS IN THE CASE THERE STATED AS THE SAME THAT IS NOW IN THIS COURT AT WILMINGTON DELAWARE
    IN TESTIMONY WHEREOF, I HEREUNDER SET MY HAND AND AFFIX THE SEAL OF THE SAID COURT, THIS 3rd DAY OF Dec , 2004

                        DEBORAH MOWBRAY
                        CLERK OF THE COURT

    I, THE UNDERSIGNED JUDICIAL OFFICER OF THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN NEW CASTLE COUNTY, DO HEREBY CERTIFY THAT THE FOREGOING PAGES CONTAIN A TRUE COPY OF THE WHOLE RECORD AND JUDICIAL PROCEEDINGS IN THE CASE THERE STATED AS THE SAME THAT IS NOW IN THIS SAID COURT AT WILMINGTON, DELAWARE.

                        ALEX J. SMALLS, CHIEF JUDGE

    I THE UNDERSIGNED CLERK OF THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN NEW CASTLE COUNTY, HEREBY CERTIFY THAT THE ABOVE NAMED IS A JUDICIAL OFFICER OF THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN NEW CASTLE COUNTY.
    IN TESTIMONY WHEREOF, I HEREUNDER SET MY HAND AND AFFIX THE SEAL OF THE SAID COURT, THIS 3rd DAY OF Dec 2004

                        DEBORAH MOWBRAY
                        CLERK OF THE COURT

```
                    COURT OF COMMON PLEAS - NEW CASTLE COUNTY
                         AS OF 11/29/2004                    PAGE      1

   02-08-521
   FILED  August 27,2002              COURT OF COMMON PLEAS CASE  -  FILED
   JUDGE:
   STATUS:  CSO   E-FILED:

SHACHTMAN DOUGLAS A.       NUCAR CONNECTION INC.,
                                       -- VS --
PRO SE                     ALICE A. HOWELL
PRO SE                     BURL A. HOWELL

     08/27/2002        INITIAL COMPLAINT & PRAECIPE FILED

     08/27/2002        SUMMONS (          ) ISSUED FOR SERVICE BY SHERIFF KENT
                       COUNTY            UPON ALICE A. HOWELL

     09/08/2002        SERVICE MADE AS TO ALICE A. HOWELL
                       BY LEAVING   COMPLAINT  SUMMONS WITH ANDY HOWELL,
                       HUSBAND ON 9/11/02

     10/01/2002        ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND
                       COUNTERCLAIM FILED BY STEPHEN HAMPTON,ATTY FOR DEFT.

     10/03/2002        MOTION TO DISMISS COUNTERCLAIM FILED BY PLAINTIFFS
                       ATTY AND NOTICED FOR OCTOBER 18,2002

     10/16/2002        ATTORNEY FOR DEFENDANT FILED MOTION TO AMEND COMPLAINT:
                       NOTICED FOR ( NOT  ENOUGH TIME RE-NOTICE MOTION)

     10/16/2002        NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                       DEFENDANTS INTERROGATOIRES DIRECTED TO PLAINTIFF AND
                       DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS

     10/18/2002        MOTION TO DISMISS COUNTERCLAIM - PASS NO ONE
                       APPEARED

     10/24/2002        NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                       NOTICE OF DEPOSITION DUCES TECUM OF ALICE A. HOWELL

     11/16/2002        ATTORNEY FOR PLAINTIFF FILED MOTION TO AMEND COMPLAINT:
                       NOTICED FOR LEAVE TO AMEND COMPLAINT NOTICED FOR
                       DECEMBER 6,2002

     12/06/2002        MOTION FOR LEAVE TO AMEND COMPLAINT-GRANTED
                       ...IT IS ORDERED THAT PLAINTIFF IS GRANTED LEAVE TO
                       AMEND COMPLAINT,REDLINED COPY OF WHICH IS ATTACHED
                       HERETO.DEFENDANT SHALL FILE THEIR ANSWER WITHIN 20 DAYS
                       OF THE DATE OF THIS ORDER. IT IS SO ORDERED THIS 6TH
                       DAY OF DECEMBER,2002.
                               S/ALEX J. SMALLS,JUDGE

     12/06/2002        AMENDED COMPLAINT FILED

     12/17/2002        NOTICE OF DEPOSITION OF DEFENDANT FILED BY ATTORNEY
                       FOR PLAINTIFF.
```

```
                    COURT OF COMMON PLEAS - NEW CASTLE COUNTY
                           AS OF 11/29/2004                    PAGE    2
```

02-08-521

| Date | Entry |
|---|---|
| 12/17/2002 | NOTICE OF DEPOSITIONS OF CUSTODIANS OF RECORDS FROM WINNER FORD OF DOVER, REEDMAN AUTO MALL AND WILLIAM MCGONIGAL FILED BY ATTORNEY FOR PLAINTIFF. |
| 12/26/2002 | ANSWER TO THE AMENDED COMPLAINT FILED BY ATTORNEY FOR DEFENDANT(S) |
| 12/31/2002 | NOTICE AND MOTION TO COMPEL ATTENDANCE AT DEPOSITION FILED BY PLAITNIFF'S ATT AND NOTICED FOR JANUARY 10, 2003. |
| 01/08/2003 | NOTICE OF SERVICE FILED FOR THE FOLLOWING: PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES |
| 01/10/2003 | RENOTICE OF MOTION TO COMPEL ATTENDANCE AT DEPOSITION FILED BY ATTORNEY FOR PLAINTIFF; NOTICED FOR 1/24/03 |
| 01/10/2003 | MOTION FOR PROTECTIVE ORDER FILED BY ATTORNEY FOR DEFENDANTS; NOTICED FOR 1/24/03 |
| 01/10/2003 | NOTICE AND MOTION FOR SUMMARY JUDGMENT FILED BY ATTORNEY FOR DEFENDANTS; NOTICED FOR 1/24/03 |
| 01/13/2003 | PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FILED. |
| 01/16/2003 | DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| 01/21/2003 | RESPONSE TO MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF'S ATTY |
| 01/21/2003 | RESPONSE TO MOTION FOR PROTECTIVE ORDER FILED BY PLAINTIFFS ATTY |
| 01/24/2003 | MOTION TO COMPEL ATTENDANCE AT DEPOSITION-GRANTED<br>MOTION FOR PROTECTIVE ORDER -DENIED<br>MOTION FOR SUMMARY JUDGMENT-DENIED<br>RESPONSE TO PLAINTIFF'S MOTION<br>MOTION FOR SUMMARY JUDGMENT -DENIED<br>PLAINTIFFS ATTY TO PROVIDE AN ORDER OF SAME TO JUDGE ALFRED FRACZKOWSKI |
| 01/24/2003 | HAVING CONSIDERED PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT,DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,PLAINTIFF'S MOTION TO ATTENDANCE AT DEPOSITION DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND ALL RESPONSES AND AGRUMENT ADDRESSES THERETO;<br>IT IS ORDERED THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ARE DENIED.IT IS FURTHER ORDERED THAT PLAINTIFF'S MOTION TO COMPEL ATTENDANCE AT DEPOSITION IS GRANTED,DEFENDANTS' MOTION FOR PROTECTIVE ORDER IS DENIED AND ALICE HOWELL SHALL ATTEND HER DEPOSITION |

```
                    COURT OF COMMON PLEAS - NEW CASTLE COUNTY
                          AS OF 11/29/2004                    PAGE       3

02-08-521
                   WHEN RE-NOTICED AT WHICH TIME SHE SHALL PRODUCE FOR
                   INSPECTION AND COPYING ALL DOCUMENTS LISTED ON THE
                   NOTICE OF DEPOSITION.IT IS SO ORDERED THIS 24TH DAY
                   OF JANAURY,2003
                        S/ALFRED FRACZKOWSKI,JUDGE

01/31/2003         RENOTICE OF CONTINUED DEPOSITION DUCES TECUM FOR
                   ALICE A HOWELL FILED BY ATTORNEY FOR PLAINTIFF

04/16/2003         ATTORNEY FOR PLAINTIFF FILED MOTION TO AMEND COMPLAINT;
                   NOTICED FOR MAY 2,2003

05/01/2003         RESPONSE TO MOTION TO PLAINTIFFS SECOND REQUEST TO AMEN
                   D THE COMPLAINT FILED BY STEPHEN HAMPTON,ESQUIRE

05/02/2003         MOTION FOR LEAVE TO AMEND COMPLAINT -GRANTED
                   ...IT IS ORDERED THAT PLAINTIFF IS GRANTED LEAVE TO
                   FILE A SECOND AMENDED COMPLAINT,A REDLINE COPY OF
                   WHICH IS ATTACHED HERETO.DEFENDANTS SHALL FILE THEIR
                   ANSWER WITHIN 20 DAYS OF THE DATE OF THIS ORDER.IT IS
                   ORDERED THIS 2ND DAY OF MAY,2003.
                        S/JOSEPH FLICKINGER,JUDGE

05/05/2003         SECOND AMENDED COMPLAINT FILED.

05/22/2003         ANSWER TO THE SECOND AMENDED COMPLAINT FILED BY
                   ATTORNEY FOR DEFENDANT(S)

06/26/2003         NOTICE OF DEPOSITION BY ATTORNEY FOR PLAINTIFF ON
                   7/7/03 TO
                   DELAWARE DIVISION OF REVENUE
                   WILLIAM MCGONIGAL

06/26/2003         NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                   PLAINTIFF'S FIRST SET OF INTERROGATORIES
                   PLAINTIFF'S REQUEST FOR PRODUCTION
                   DIRECTED TO DEFENDANTS

08/12/2003         NOTICE AND MOTION TO COMPEL DISCOVERY FILED BY
                   PLAINTIFFS ATTY ; NOTICED FOR AUGUST 22,2003

08/14/2003         NOTICE AND MOTION TO COMPEL DISCOVERY FILED BY
                   DEFENDANTS ATTY ; NOTICED FOR AUGUST 22,2003

08/20/2003         DEFENDANTS RESPONSE TO PLAINTIFF'S SECOND MOTION TO
                   COMPEL

08/22/2003         MOTION TO COMPEL - BOTH COUNSEL PRESENT
                   JUDGE JOHN WELCH PRESIDING.BOTH ATTYS MOTIONS TO
                   COMPEL ARE RESCHEDULED TO SEPTEMBER 12,2003
                   AND SCHEDULE A PRETRIAL CONFERENCE 10/3/03 @ 11:00

08/22/2003         CASE SCHEDULED FOR PRETRIAL CONFERENCE
                   OCTOBER 3,2003 11:10
```

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 11/29/2004                                      PAGE    4

02-08-521
08/26/2003         NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                   DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES
                   AND AFFIDAVITS

09/03/2003         PRETRIAL CONFERENCE SCHEDULED FOR OCTOBER 3,2003
                   HAS BEEN CONTINUED PER DOUGLAS SHACHTMAN AND
                   GRANTED BY C/COPPADGE

09/11/2003         CASE SCHEDULED FOR PRETRIAL CONFERENCE
                   NOVEMBER 14,2003

09/21/2003         MOTION TO COMPEL BY PLAINTIFF -WITHDRAWN
                   MOTION TO COMPEL BY DEFENDANT - WITHDRAWN

09/30/2003         PRETRIAL CONFERENCE STIPULATION & WORKSHEET FILED;
                   SIGNED BY DEFENDANTS ATTY

11/07/2003         PRETRIAL CONFERENCE STIPULATION & WORKSHEET FILED;
                   SIGNED BY BOTH COUNSEL

11/14/2003         PRETRIAL CONFERENCE HELD; BOTH COUNSEL PRESENT
                   JUDGE WELCH PRESIDING AND SET TRIAL FOR 4/8/04
                   @ 9:00 A.M. 1 DAY TRIAL. MOTION CUT-OFF DATE
                   3/1/04

12/15/2003         NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                   DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL
                   REQUEST FOR PRODUCTION 3-6

01/07/2004         NOTICE AND MOTION TO COMPEL DISCOVERY FILED BY
                   PLAINTIFFS ATTY ; NOTICED FOR JANUARY 23,2004

01/21/2004         FAXED COPY OF DEFENDANTS RESPONSE TO PLAINTIFFS THIRD
                   MOTION TO COMPEL. PER DEFENDANTS ATTY OFFICE, ORIGINAL
                   WAS MAILED COURT HAS NOT RECEIVED.

01/22/2004         DEFENDANTS RESPONSE TO PLAINTIFF'S THIRD MOTION TO
                   COMPEL

01/23/2004         MOTION TO COMPEL -GRANTED

01/23/2004         IT IS HEREBY ORDERED THIS 23RD DAY OF JANUARY,2004,THAT
                   ON OR BEFORE THE 23RD DAY OF JANUARY,2004,DEFENDANTS
                   SHALL SERVE COMPLETE ANSWERS TO PLAINTIFFS SUPPLEMENTAL
                   REQUEST FOR PRODUCTION 3-6 DOCUMENTS WHICH ARE DESIGNED
                   SHALL BE PRODUCED AT THE LAW OFFICE OF PLAINTIFF'S
                   COUNSEL.IT IS SO ORDERED THIS 23RD DAY OF JANAURY,2004
                   S/JOHN K. WELCH,JUDGE

03/03/2004         NOTICE OF DEPOSITION DUCES TECUM FILED BY ATTORNEY
                   FOR PLAINTIFF (PRUDENTIAL SECURITIES/ST. PAUL REINSUR.)

04/01/2004         4/8/04 TRIAL CONTINUED PER JUDGE JOHN WELCH.
                   CASE NEEDS 1 DAY FOR TRIAL AND HE ALREADY HAS ONE

```
                    COURT OF COMMON PLEAS - NEW CASTLE COUNTY
                              AS OF 11/29/2004                      PAGE     5

02-08-521
                    CASE SCHEDULED AND HE'S TAKING A HALF OF VACATION

04/13/2004          CASE SCHEDULED FOR TRIAL
                    SEPTEMBER 16,2004 FOR 1 DAY BEFORE JUDGE JOHN WELCH

06/22/2004          LETTER FROM DOUGLAS SHACHTMAN TO JUDGE SMALLS
                    REQUESTING THE CASE BE RE-ASSIGNED TO ANOTHER JUDGE

07/02/2004          LETTER FROM JUDGE SMALLS TO BOTH COUNSEL DENYING
                    PLAINTIFFS REQUEST TO RE-ASSIGN CASE TO ANOTHER JUDGE

08/30/2004          MOTION TO WITHDRAW AS COUNSEL FAXED BY DEFENDANTS ATTY
                    AND SCHEDULED FOR SEPTEMBER 10,2004 ( CALLED OFFICE
                    9/10/04 IS CLOSED MUST RE-NOTICE MOTION )

08/30/2004          LETTER FROM DEFENDANTS ATTY TO COURT REQUESTING A
                    CONTINUANCE OF THE TRIAL SCHEDULED FOR 9/10/04
                    MOTION TO WITHDRAW AND TO CONTINUE PLACED ON 9/10/04
                    MOTION CALENDAR PER JUDGE WELCH.

08/31/2004          RESPONSE TO REQUEST FOR A CONTINUANCE AND MOTION TO
                    WITHDRAW

09/10/2004          MOTION TO WITHDRAW PRESENTED BEFORE JUDGE ALFRED
                    FRACZKOWSKI. BOTH ATTORNEYS PRESENT, THE MOTION
                    TO WITHDRAW WAS GRANTED AND THE MOTION TO CONTINUE
                    THE TRIAL DATE WAS ABANDONED. TRIAL WILL REMAIN ON
                    FOR THURSDAY, SEPTEMBER 16, 2004.

09/10/2004          IT IS ORDERED THAT THE ACTION SHALL PROCEED TO TRIAL
                    AS SCHEDULED ON SEPTEMBER 16, 2004
                    IT IS FURTHER ORDERED THAT STEPHEN A. HAMPTON'S MOTION
                    TO WITHDRAW IS GRANTED.
                    IT IS SO ORDERED THIS 10TH DAY OF SEPTEMBER, 2004
                       S/ALFRED FRACZKOWSKI, JUDGE

09/14/2004          COPY OF A LETTER FROM STEPHEN HAMPTON TO DEFENDANTS
                    CONFIRMING THE TRIAL DATE OF 9/16/04

09/16/2004          TRIAL HELD; PLAINTIFF AND ATTY PRESENT.DEFENDANTS
                    DID NOT APPEAR.JUDGE JOHN K. WELCH PRESIDING.
                    PLAINTIFFS ATTY ORALLY MOTION FOR A DEFAULT
                    JUDGMENT - WITHDRAWN. AFTER HEARING ALL EVIDENCE
                    TESTIMONY AND MOTIONS THE COURT RULED IN FAVOR OF
                    THE PLAINTIFF AND AGAINST THE DEFENDANT. THE
                    COURT REQUESTED THE PLAINTIFFS ATTY TO SUBMIT AN
                    ORDER OUTLINING THE ORAL OPINION OF THE COURT.

09/21/2004          WHEREAS TRIAL IN THIS MATTER WAS DULY SCHEDULED AND
                    NOTICED TO THE PARTIES FOR SEPTEMBER 16,2004 AND
                    WHEREAS DEFENDANTS FAILED TO APPEAR DESPITE A FACSIMILE
                    REMINDER FROM THEIR FORMER LEGAL COUNSEL ON SEPTEMBER
                    10,2004, A FACSIMLE LOG OF WHICH SHOWS RECEIPT,AND
                    WHEREAS PLAINTIFF APEPARED AND PRESENTED DOCUMENTARY
```

```
                      COURT OF COMMON PLEAS - NEW CASTLE COUNTY
                              AS OF 11/29/2004                    PAGE     6

02-08-521
                    EVIDENCE AND ARGUMENT,WHICH THIS COURT HAS CONSIDERED
                    IT IS ORDERED THAT AS A RESULT OF DEFENDANT'S BREACH
                    OF CONTRACT,SLANDER AND FRAUD,JUDGMENT IS ENTERED IN
                    FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS IN THE AMOUNT
                    OF $11,721 LIQUIDATED DAMAGES, $10,000 PUNITIVE DAMAGES
                    PRE -JUDGMENT INTEREST FROM APRIL 15,2002 AT 11.99
                    ANNUAL PERCENTAGE RATE, POST - JUDGMENT INTEREST AND
                    COURT COSTS OF $784. IT IS SO ORDERED THIS 17TH DAY OF
                    SEPTEMBER ,2004.
                    S/JOHN K. WELCH,JUDGE

09/22/2004          MAIL RETURNED AS TO ALICE HOWELL
                    SHOWING FORWARDING TIME EXPIRED

10/07/2004          MOTION TO SET ASIDE THE JUDGMENT ENTERED AND MOTION
                    TO DISMISS FILED BY DEFENDANT BURL A. HOWELL.

10/14/2004          NOTICE OF SERVICE FILED FOR THE FOLLOWING:
                    NOTICE OF ADDRESS CHANGE AND CERTIFICATE OF SERVICE
                    FILED BY DEFENDANT BURL HOWELL: PO BOX 104 PEACH
                    BOTTOM, PA 17563

10/14/2004          EXEMPLIFIED COPY OF JUDGMENT ISSUED PER REQUEST OF
                    PLAINTIFF(S) ATTORNEY.

10/18/2004          MOTION TO DISMISS FILED BY DEFENDANT BURL HOWELL
                    PER JUDGE WELCH PLACE ON A MOTION CALENDAR NEXT
                    AVAILABLE DATE IS NOVEMBER 12,2004 TRIAL CALENDAR

10/18/2004          MOTION TO DISMISS SCHEDULED FOR 11/12/04

10/21/2004          MAIL RETURNED AS TO BURL HOWELL
                    SHOWING 1123 FURNISS ROAD PEACH BOTTOM PA 17563

10/29/2004          MAIL RETURNED AS TO ALICE HOWELL
                    SHOWING 1123 PURNESS ROAD PEACH BOTTOM,PA 17563
                    UNABLE TO FORWARD

11/09/2004          RESPONSE TO MOTION TO DISMISS FILED BY ATTORNEY FOR
                    PLAINTIFF.

11/12/2004          MOTION TO DISMISS -  PARTIES PRESENT
                    DEFENDANT'S MOTION IN SUPPORT OF ORAL ARGUMENT ON
                    MOTION TO DISMISS OF LACK OF PERSONAL & SUBJECT
                    MATTER - DECISION RESERVED - PLAINTIFF'S
                    MOTION TO DISMISS - DECEISION RESERVED
                    FILE IS WITH JUDGE WELCH

11/16/2004          THE COURT THEREBY VACATES THE DEFAULT JUDGMENT ENTERED
                    BY THIS COURT ON SEPTEMBER 21,2004 AGAINST CO-DEFENDANT
                    BURL A. HOWELL.EACH PARTY SHALL BEAR THEIR OWN COSTS.IT
                    IS SO ORDERED THIS 16TH DAY OF NOVEMBER,2004
                    S/JOHN K. WELCH,JUDGE
```

```
                    COURT OF COMMON PLEAS - NEW CASTLE COUNTY
                              AS OF 11/29/2004                          PAGE      7

  02-08-521
  11/18/2004        **** FILE UNDER BARBARA DOOLEY'S DESK ***

  11/22/2004        EXEMPLIFIED COPY OF JUDGMENT ISSUED PER REQUEST OF
                    PLAINTIFF(S) ATTORNEY.

AN
```

CERTIFIED AS A TRUE COPY.
CLERK OF THE COURT
BY [signature]

EXHIBIT B

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| NUCAR CONNECTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2002-08-521 |
| | ) | |
| ALICE A. HOWELL and | ) | |
| BURL A. HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

1. On April 13, 2002, Alice A. Howell ("Howell") was the owner of a 2001 Ford Mustang ("Mustang") and a 2001 Ford F150 Truck ("F150").

2. On Saturday, April 13, 2002 Howell came to NuCar Connection, Inc. t/a NuCar Chevrolet ("NuCar") to discuss the purchase of a 2002 Chevrolet Corvette ("Corvette").

3. With authorization from Howell, NuCar obtained from Ford Motor Credit Company ("FMCC") the amount necessary to pay off the Ford F150 ($31,751.52) and the Mustang ($36,469.38). The values of the Mustang and F150 were both less than the amounts due FMCC, resulting in the condition of negative equity.

4. Howell and NuCar entered into an agreement, subject to approval of financing, whereby Howell would trade in the Mustang and F150 and purchase the Corvette. The negative equity was to be included in the financing of the Corvette. Howell completed credit applications.

5. Howell authorized NuCar in writing to pay FMCC the quoted payoff figures.

1

6. If a creditor accepted Howell's application and the proposed financing agreement, Howell was to return on Monday, April 15, 2002 to complete the documentation and to take delivery of the Corvette.

7. On April 15, 2002, every bank or finance company to whom NuCar had applied for credit on behalf of Howell rejected her application. One bank, Wilmington Trust Company ("WTC"), made a counterproposal.

8. On April 15, 2002, NuCar informed Howell of the rejections and the counteroffer, resulting in the need for Howell to pay $14,000.00, $2,279.00 as a downpayment and $11,720.90 as payment toward the payoffs of the trade-ins. Howell agreed to do so.

9. On April 15, 2002, Howell returned to NuCar, where she was shown alternative financing arrangements. She approved the purchase of the Corvette under the new terms, signed the appropriate documents, and she agreed to pay $14,000 by personal checks although she requested that her checks be deposited at a later date to allow her to shift her funds.

10. On April 15, 2002, NuCar contracted to re-sell the Ford Mustang.

11. On April 17, 2002, NuCar paid FMCC $31,751.52 for the F150 and $36,469.38 for the Mustang, the amounts quoted by FMCC and approved by Howell.

12. On April 17, 2002, Howell and her husband telephoned NuCar. They asserted that Howell's landlord was going to increase the rent for her motel, which would adversely affect her finances. For that reason, she stated that she wished to cancel the purchase of the Corvette.

13. When NuCar informed Howell that it had already sold the Mustang and had paid off FMCC, so that it was not in a position to cancel the sale, Howell stated that she would stop payment on her checks.

14. Howell stopped payment on the checks totaling $14,000. She instead paid $2,279.

## COUNT I. BREACH OF CONTRACT

15. Plaintiff realleges paragraphs 1 through 14 as if fully restated herein.

16. Howell breached the contract by stopping payment on her checks. She is obligated to NuCar in the amount of $11,720.90.

## COUNT II. UNJUST ENRICHMENT

17. Plaintiff realleges paragraphs 1 through 14 as if fully restated herein.

18. Howell has been unjustly enriched from the payoff of her loans on her F150 and Mustang and the receipt of a new 2002 Corvette.

## COUNT III. DEFAMATION

19. Plaintiff realleges paragraphs 1 through 18 as if fully restated herein.

20. On or about April 25, 2002 the Defendants conspired to file a complaint with the Delaware Department of Justice Consumer Protection Unit and to communicate with Wilmington Trust Company. Said Complaint and communication made several false statements, including the recitation of the facts leading up to the purchase of the Corvette, Defendant Howell's financial circumstances and the allegation that Plaintiff misstated facts to Alice Howell and Wilmington Trust Company and one or more automobile dealerships.

21. As a proximate result of Defendants' actions, Plaintiff and its employees had to devote considerable resources to responding to the complaint and communication.

22. Upon information and belief, Defendants filed the Complaint merely to embarrass Plaintiff and to attempt to cause pressure upon Plaintiff to forego its justifiable claim.

23. Defendants defamed Plaintiff.

## COUNT IV. FRAUD

24. Plaintiff realleges paragraphs 1 through 23 as if fully restated herein.

25. In Defendant's credit application, Alice Howell represented that her gross annual income was $263,000. In fact, Ms. Howell's personal gross income was only approximately $30,000. This was a material and substantial misrepresentation causing Plaintiff to give her more favorable consideration and accept personal checks from her.

26. Defendants' conduct has been part of a pattern or practice of defrauding other businesses and governmental organizations, including but not limited to, similarly misrepresenting their income to other automobile dealerships.

**WHEREFORE** Plaintiff prays that judgment be entered in favor of Plaintiff and against Defendants for special and general damages, punitive damages, attorney's fees, pre- and post-judgment interest and such other relief as this court deems proper.

_____
DOUGLAS A. SHACHTMAN
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, Delaware 19806
(302) 655-1800
Attorney for Plaintiff

DATED: April 16, 2003

## CERTIFICATE OF SERVICE

I, Douglas A. Shachtman, hereby certify that the attached SECOND AMENDED COMPLAINT was served on April 16, 2003 attached to PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT and served on May 5, 2003 by First Class mail to:

Stephen A. Hampton, Esquire
Grady & Hampton, P.A.
6 North Bradford Street
Dover, DE 19904

_____
DOUGLAS A. SHACHTMAN

cert-serv505