IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 APR 13 PM 1:26

| | | |
|---|---|---|
| NUCAR CONNECTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-210 |
| | ) | |
| ALICE A. HOWELL, | ) | |
| BURL A. HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO DENY REMOVAL**

Plaintiff, through its legal counsel, hereby moves this court to deny the removal of this action in that there is no basis for its removal to District Court. In support of this motion, Plaintiff represents the following:

**DEFENDANTS' REMOVAL IS NOT TIMELY**

1. 28 *U.S.C.* § 1446(b) requires that the notice of removal be filed within 30 days after Defendant receives the initial pleading.

2. As admitted in Defendants' Notice of Removal ("Notice") (¶1), this action was filed on August 27, 2002 against Alice Howell and served on September 11, 2002 (¶2) (see Court of Common Pleas Docket attached by Defendants to Notice of Removal).

3. Therefore, Alice Howell waited 2½ years to file this removal action. In the meantime, judgment was entered against her at a trial in which she chose not to attend (Docket). Defendants are merely seeking to avoid execution upon the judgment against her (Notice ¶14).

4. On December 6, 2002, Plaintiff was granted leave to amend its complaint, adding Burl

1

Howell. An answer on his behalf was filed on December 26, 2002 (Docket). He waited over 2⅓ years to file a Notice of Removal.

5. Defendants attempt to extend the time deadline by stating that their Notice of Removal was filed within 30 days of service of their consolidated brief (Notice ¶¶10-11). This date is irrelevant since the statute refers to a date when a defendant **receives** a pleading, not initiates one.

**THERE ARE NO FEDERAL ISSUES PERMITTING REMOVAL**

6. 28 *U.S.C.* § 1441(a) permits removal where the District Court might have independent jurisdiction.

7. As Defendants acknowledge, this action was filed against them for breach of contract, fraud and slander (Notice ¶6), none of which render independent jurisdiction to the District Court.

8. Defendants concede that there is no federal question from the "face of Plaintiff's most currently amended Complaint", but they argue that removal should be permitted where federal law completely pre-empts a Plaintiff's state law claim (Notice ¶12).

9. Defendants offer no federal issues which preempt Plaintiff's state law claims. They mention the Truth-in-Lending Act (Notice ¶13), but it was never pled. See Defendants' Answer to Second Amended Complaint dated May 20, 2003 (Exhibit "A" hereto). TILA has a one-year statute of limitations (16 *U.S.C.* § 1601(e)). and it does not pre-empt a breach of contract claim, much less fraud or slander.

**THIS ACTION IS NOT REMOVABLE BASED UPON DIVERSITY.**

10. It is uncertain whether or not Defendants are attempting to claim that this action implicates diversity, but it does not. Plaintiff, a Delaware corporation, sued Defendants, who were then residents of Kent County. The Howells' credit application stated that they both were residents

of Dover (Exhibit "B"). The sheriff's return of service shows that Burl Howell was served in Kent County (Docket). The answer filed on their behalf by legal counsel never claimed that there was a deficiency in service of process (Exhibit "A").

11. Also, this action was for less than $75,000, to wit, $11,271 liquidated damages and $10,000 punitive damages (Docket).

**WHEREFORE** Plaintiff prays that this action be dismissed and attorney's fees be imposed due to its patently frivolous nature.

_____
DOUGLAS A. SHACHTMAN
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806
(302) 655-1800
Attorney for Plaintiff

DATED: April 13, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUCAR CONNECTION, INC.,  Plaintiff, | ) ) ) ) |
| v. | ) ) C.A. No. 05-210 |
| ALICE A. HOWELL, BURL A. HOWELL,  Defendants. | ) ) ) ) ) |

### ORDER

**HAVING CONSIDERED** Plaintiff's Motion to Deny Removal and any response and argument addressed thereto, and

**HAVING FOUND** that the Notice of Removal was filed over two years late and that there are no federal issues which would convey jurisdiction to this court, nor are there jurisdiction by diversity,

**IT IS ORDERED** that the Notice of Removal is rejected and the action dismissed in this court;

**IT IS FURTHER ORDERED** that because there were clearly no factual or legal bases for the Notice of Removal, Defendants will pay to Plaintiff's counsel costs and attorney's fees of $ _____ within ten (10) days of the date of this order.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Douglas A. Shachtman, hereby certify that on April 13, 2005, I caused one copy of PLAINTIFF'S MOTION TO DENY REMOVAL to be served by First Class mail to:

Alice A. Howell
Burl A. Howell
1128 Osceola Rd.
Drumore, PA 17518

_____
DOUGLAS A. SHACHTMAN

cert-serv413.wpd