IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NuCar Connection, Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 05-210 |
| v. | ) | |
| | ) | |
| Alice A. Howell, | ) | |
| Burl A. Howell, | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANTS' MOTION TO STRIKE

The above-captioned defendants respectfully request pursuant to Federal Rule of Civil Procedure 12(f), that the Court strike Plaintiff's Motion to Deny Removal and Plaintiff's Motion For Rule 11 Sanctions for the following reasons:

1. In paragraph 10 of Plaintiff's Motion to Deny Removal, counsel is attempting to perpetrate a fraud upon this Court by inducing it to deny removal upon false or misleading information, known by him to be such, that "[t]he Howells' [submitted the] credit application" attached to said motion as Exhibit B for purchase of a car from the above-captioned Plaintiff.

2. The subtle falsity of said averment becomes apparent upon examination of the vehicle identification number stated in Plaintiff's Exhibit B, 11G1YY22G425131139, which does not correspond to vehicle identification number stated in the Contract, 1G1YY12S425127008, claimed by Plaintiff to have been breached by Defendants. (See Contract, attached hereto as Defendant's Exhibit A).

3. The foregoing evidence is corroborated by different dates of delivery for vehicles bearing different vehicle identification numbers, the vehicle with VIN #1G1YY12S425127008 having been delivered on 4/15/02 (See Defendant's Exhibit A), and the vehicle with VIN #11G1YY22G425131139 having been delivered on 7/8/02 (See Plaintiff's Exhibit B).

4. Correspondence from Wilmington Trust dated April 15, 2002 (attached as Defendant's Exhibit B) addressed solely to Defendant Alice A. Howell, referring to a credit application submitted on her behalf by Plaintiff, along with a copy of Wilmington Trust's Counteroffer to Plaintiff listing Defendant Alice A. Howell as the only applicant (attached as Defendant's Exhibit C), and a letter to Defendant Alice A. Howell from Wilmington Trust thanking her for choosing that lending institution for her borrowing needs (attached as Defendant's Exhibit D), corroborate the foregoing evidence for asserting that Plaintiff's counsel is attempting to perpetrate a fraud upon the Court as aforesaid.

5. Defendants hereby assert that Plaintiff's Exhibit B is irrelevant to removal of its state court action because the document does not relate to any sale of a vehicle by the Plaintiff, but instead relates to sale of a vehicle by Reedman Automall on "U.S. Route One, P.O. Box 3004, Langhorne, PA 19047-3004," as is indicated at the top of said Exhibit B. Since Mr. Shachtman is not the legal custodian of Exhibit B he is unable to authenticate it as required by the Federal Rules of Evidence and his admission of it constitutes inadmissible hearsay under those rules.

6. Defendants hereby move pursuant to said Rule 12(f) for the Court to strike <u>Plaintiff's Motion For Rule 11 Sanctions</u> for the following reasons:

   a. Said motion, pursuant to Rule 11(c)(1)(A), "shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may

prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." (Emphasis added)

    b. Twenty-one (21) days has not passed since Plaintiff's service of said motion to allow for the filing or presentation of said motion.

    c. Plaintiff's motion for Rule 11 sanctions is presented in furtherance of the aforesaid perpetration of fraud upon the Court.

    d. Plaintiff's reasons for filing its aforesaid motion for sanctions are not well-founded where its counsel has failed to legally commence its state court action against either defendant pursuant to Delaware statute and rule for service of summons and complaint against nonresident defendants not legally domiciled in Delaware at any time pertaining to commencement and trial of said state court action. Defendant Burl A. Howell objects to admission of Plaintiff's Exhibit A in an attempt to relitigate the issue of whether or not Mr. Hampton also represented Defendant Burl A. Howell, effectively determined against Mr. Shachtman by the state court's determination that the judgment against Mr. Howell had to be vacated for lack of appearance by counsel who although representing Mrs. Howell, was not hired to represent Mr. Howell and therefore made no legal appearance for him in answering Plaintiff's complaint against Mrs. Howell sufficient to confer personal jurisdiction as to Defendant Burl A. Howell.

    e. Defendants have the right under Article VI of the U.S. Constitution to challenge the validity of 10 Del. C. § 2907(c) where *delivery* is used to deny a state citizen's federal right under the Truth in Lending Act to rescind a contract for the purchase of an automobile on credit.

    f. Defendants deny that their Notice of Removal is presented for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; they

hereby assert that the claims, defenses, and other legal contentions herein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or establishment of new law; and that the allegations of all factual contentions are made in good faith and can be supported by evidence of record and otherwise by witnesses who are competent to testify on matters of personal and subject matter jurisdiction.

    g. Because Plaintiff's counsel failed to complete paragraph 4 of its motion for sanctions it is an unintelligible pleading upon which no intelligent answer may be given.

    7. Defendants reassert that their Notice of Removal is timely filed as pled therein.

    8. Although a complaint be filed, a judgment obtained in a state court action which was not legally commenced is "void," Coston v. Brown, Not Reported in A.2d, 2004, Wl 2419173 (Del. Super. Sept. 10, 2004), and is therefore subject to collateral attack in any venue for lack of subject matter jurisdiction. See Old Wayne Mut. L. Assoc. v. McDonough, 204 U.S. 8, 27 S.Ct. 236 (1907). If the judgment as to one defendant is vacated by the state court prior to Notice of Removal, the record is proof precluding Plaintiff on the issue on whether or not the action was legally commenced. If the state can have no legitimate interest in maintaining a judgment void for lack of proper service on one defendant, then it can have no legitimate interest in maintaining such judgment against the other similarly situated defendant for the same lack of proper service. When a consumer, as here, to "a credit transaction in which a security interest is or will be retained or acquired in a consumer's principle dwelling, ... " 26 C.F.R. § 226.23, "rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge." 26 C.F.R. § 226.23(d). If Defendants' rescission of the Contract attached hereto as Defendant's Exhibit A,

caused Plaintiff's judgment from an action for breach based thereupon to become void as a matter of federal law even though Defendants were given no notice of the right to rescind as required by that law, then that judgment filed as a security interest in Defendant's principle dwelling is void under federal law, and Plaintiff's action therefore is completely preempted under that law, warranting removal to this Court for dismissal of Plaintiff's state cause of action. The fact that Plaintiff has once obtained judgment against Co-defendant Burl A. Howell who was in no way a party to the Contract in dispute attached hereto as Exhibit A, and thus stood to benefit nothing from it, shows that credit transactions not actually entered into by third persons may yet give rise to the right of rescission under federal Truth in Lending laws.  Needless to say, if the Plaintiff cannot succeed in its state cause of action for breach of contract, its other state claims based on a finding of such breach must necessarily also fail.  Nevertheless, as Defendants pled in the Notice of Removal, if upon examination of the Notice this Court finds the state court action to be removable, the entire case may be removed and this Court may determine all issues herein, or, in its discretion, may remand all matters in which State law predominates under the authority of 28 U.S. C. § 1441(c).

Respectfully submitted,

_____ and _____
Burl A. Howell          Alice A. Howell
1128 Osceola Rd.        (Same address)
Drumore, PA 17518
717-548-2872            (Same phone)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| NuCar Connection, Inc., ) | |
| Plaintiff ) | |
| ) | Civil Action No. 05-210 |
| v. ) | |
| Alice A. Howell,` ) | |
| Burl A. Howell, ) | |
| Defendants ) | |

## CERTIFICATE OF SERVICE

Defendants Alice A. Howell and Burl A. Howell, on this 18th day of April, 2005, hereby certify that a true and correct copy of the foregoing <u>Defendants' Motion To Strike</u> was served via United States Mail, first class, postage prepaid, upon the following counsel of record:

Douglas A. Shachtman, Esq.
Suite 302
1200 Pennsylvania Ave.
Wilmington, DE 19806

_____ and _____
Burl A. Howell        Alice A. Howell
1128 Osceola Rd.     (Same address)
Drumore, PA 17518
717-548-2872         (Same phone)