ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NuCar Connection, Inc., | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 05-210 GMS |
| v. | ) |
| | ) |
| Alice A. Howell, | ) |
| Burl A. Howell, | ) |
| | ) |
| Defendants | ) |

FILED
MAY - 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO AMEND JUDGMENT
## AND FOR RECONSIDERATION

The above captioned defendants hereby pursuant to Federal Rule of Civil Procedure 59(e) respectfully move this Honorable Court to amend the Order entered on April 26, 2005 remanding the case to state court, by a reconsideration of the facts and law supporting that Order based on the following assertions supported by affidavit and exhibits of defendants with authorities cited herein.

1. Defendants respectfully acknowledge the accuracy of this Honorable Court's citation to 28 U.S.C. § 1446(b)'s 30-day limitation on the filing of a notice to remove a federal question case that begins by receipt of the initial pleading setting forth the claim for relief.

2. Defendants also respectfully acknowledge the authority of this Honorable Court under 28 U.S.C. § 1447(c) to remand the case on the basis of defect in timeliness regarding receipt of said initial pleading.

3. Defendants note that this Honorable Court found as a fact in support of the above said

Order that "Alice A. Howell and Burl A. Howell (collectively, the 'defendants') filed an answer to the second amended complaint on May 22, 2003" as proof of the time of receipt.

4. In cases where service of process to commence an action is defective, or there is a complete lack of service of process on a defendant, the law of this jurisdiction and of this State agree: "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case[,]" Ayre v. Jacobs & Crumplar, P.A., 99 F.3d 565, 72 Fair Empl.Prac.Cas. (BNA) 966, 35 Fed.R.Serv. 3d 1125 (3d Cir. 1996), and "[t]here is no cure for this defect." Coston v. Brown, Not Reported in A.2d, 2004 WL 2419173 (Del. Super. Sept. 10, 2004).

5. As in Ayres, "the plaintiff never requested the Clerk to issue a summons" for Burl A. Howell, and if examination of the docket in this case shows that Alice A. Howell, who was at all times legally domiciled in Pennsylvania for purposes of service of process according to the tax returns collectively attached as Exhibit A, was not served as a nonresident defendant pursuant to 10 Del. C. § 3104, this district court should properly reject plaintiff's contention that defendants may waive their service of process defenses by not presenting them sufficiently clearly and in a timely manner, and should also reject a plaintiff's argument that defendants can waive those defenses by engaging in discovery and attending scheduling conferences, or by the filing of an answer to a complaint, see Ayres at *3; Coston at *3, although Burl A. Howell denies hiring Mr. Hampton to represent him and Mr. Hampton admits in his Affidavit attached as Exhibit B that "I do not recall a specific conversation with Burl Howell regarding representation."

6. As the 3d Circuit noted in Ayres, "[a] court may not go through the sterile exercise of acting in a vacuum to adjudicate a legal dispute," finding that defendants "received" the initial

pleading for purposes of applying Section 1446(b) however under circumstances which imposed upon them no legal "obligation" validating receipt of such pleading. See <u>Ayres</u> at *4.

7. "Notice of a claim is not sufficient... to impose upon a defendant a personal liability or obligation in favor of the plaintiff [n]or may [it] extinguish a personal right of the defendant" to disavow defective service or "receipt" of process regarding plaintiff's initial pleading, *id.*, and answering a complaint received as "actual [rather than legal] notice cannot create personal jurisdiction," <u>Coston</u>, at *4, hence a ruling refusing to extend the 120-day period for service of process for a plaintiff who shows "disregard for [personal civil rights] [he] consider[s] 'technical niceties' ... is in line with the precedent of this court." <u>Ayres</u> at *4.

8. Title 42 U.S.C. § 1981 guarantees full and equal benefit of rights to legal service of process in every State in regard to enforcement of contracts and those rights are protected against the impairment alleged here to have occurred under color of State law.

9. Title 42 U.S.C. § 1983 prohibits deprivation under color of law of the constitutionally protected equal right to due service of process for commencing a civil action in State court alleged herein to have been denied to defendants.

10. Title 42 U.S.C. § 1985 prohibits plaintiff's counsel as an agent of plaintiff and in his individual capacity from recklessly, with malice and deceit, conspiring with plaintiff to omit to properly commence an action for breach of contract against a nonparty thereto, Burl A. Howell, and against a party thereto, Alice A. Howell, in violation of statute, rule, and common law for commencement of such action, and the filing of a motion under color of law for sanctions to intimidate said defendants or deprive them of their property by requesting monetary sanctions to intimidate them in their lawful attempt to seek equal protection of the constitutional right to due

service of process prior to any court's exercise of personal jurisdiction over defendants for enforcement of a contract in deprivation of defendants' civil rights under Title 42 U.S.C. §1981 and §1983, conduct by plaintiff and its counsel which is arbitrary and conscience shocking in a constitutional sense.

11. This Honorable Court has jurisdiction under Title 42 § 1988 to enforce all laws necessary for the vindication of defendants' civil rights to due process and equal protection, whether statute, rule, or common law, State or Federal, herein alleged to be applicable, and diversity jurisdiction under Title 28 U.S.C. § 1332 over defendants' defensive claims for violation of 5th and 14th Amendment Due Process where the matter in controversy exceeds $75,000 and is between citizens of different states, the defendants according to tax returns attached as Exhibit A being citizens of Pennsylvania, and plaintiff here being a corporation deemed to be a citizen of Delaware under 28 U.S.C. § 1332(b)(1) where it has been incorporated and has its principle place of business.

12. Under 28 U.S.C. § 1443 a defendant, who is denied or who cannot enforce in the courts of such State, a right to due service of process and lawful remedy for lack thereof under the aforesaid laws providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof, may remove to the district and division embracing the place wherein the civil action is pending.

13. Under 28 U.S.C. § 1447(d), while "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, ... the Supreme Court has not read [that phrase] literally. Instead the Court deems sec. 1447(d) linked to sec. 1447(c), which authorizes remands for lack of jurisdiction and defects in removal procedure (as sec.

1446(c) defines those procedural requirements). '[O]nly remands based on grounds specified in sec. 1447(c) are immune from review under sec. 1447(d).' ... Neither sec. 1447(c) nor anything else in the sections of the Judicial Code devoted to removal forbids successive removals. The rule against them–if there is such a rule– is an extra-statutory judicial invention, and thus subject to the appellate process." Benson v. SI Handling Systems, Inc., 188 F. 3d 780 (7th Cir. 1999).

14. Under sec. 1447(d), the language of the statute expressly excepts appeal of a case "removed pursuant to section 1443," pertaining to removal of civil rights cases, and "[a]ppeal rather than mandamus is the right route." Benson.

15. When defendants received this Honorable Court's Order of April 26, 2005 it was an "order or other paper from which it may first be ascertained that the case is one which is or has become removable" under sec. 1443 because that Order suggests, contrary to this Court's ruling in Ayres and the Superior Court's ruling in Coston, that defendants are being denied or cannot enforce in the courts of the State the right to due service of process because an answer filed by counsel in the absence of valid service of process, in direct contradiction to the cases cited, has conferred personal jurisdiction upon Defendants sufficient to validate "receipt" of an initial pleading the date of which, thus far, has been successfully used by plaintiff to deny defendants' attempt to remove the case to federal court for vindication of their fundamental civil rights to due service of process and federal preemption by the Truth In Lending Act. See, e.g. Fielder v. Credit Acceptance Corp., 188 F.3d 1031 (8th Cir. 1999).

16. In this case, however, Defendants, rather than alleging ordinary preemption, are also alleging that this Honorable Court has jurisdiction under the "theory of *complete* preemption which is distinct from ordinary preemption." Lyons v. Alaska Teamsters, 188 F. 3d 1170, 99

Cal. Daily Op. Serv. 7164, 1999 (Daily Journal D.A.R. 9183 (9th Cir. 1999) (Emphasis added). "The complete preemption doctrine applies when the class of claims by plaintiff is so necessarily federal that removal is *always* permitted, *even if the federal issue is raised as a defense and does not appear on the face of plaintiff's well-pleaded complaint."* Id. (Emphasis added). To the knowledge and belief of Defendants, the U.S. Supreme Court has recognized complete preemption under only two statutes: the Labor Management Relations Act and the Employment Retirement Income Security Act. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). However, the completely preemptive effect of the Truth In Lending Act's related regulatory language contained in 26 C.F.R. § 226.23(d), authorizing a federal right of rescission which renders "void" the security interest at stake here, may warrant a removal that is "always permitted," Lyons, without regard to the procedural constraints of 28 U.S.C. § 1447(c) concerning timeliness of the notice of removal.

17. In Williams v. Ragnone, 147 F.3d 700, 703 (8th Cir. 1998), the Court of Appeals for the Eighth Circuit "broadly held that, because one federal claim [of Truth In Lending] was present, the 'entire case was properly removed, and the district court was therefore without discretion to remand it.'" Fielder at *9. Likewise, if the federal claim of denial of defendants' fundamental civil rights to due service of process has now become removable upon receipt by defendants of this Court's Order of April 26, 2005, "the district court [i]s therefore without discretion to remand it." Id.

WHEREFORE, the above captioned defendants respectfully request that judgment entered by this Honorable Court on April 26, 2005 be amended to remove plaintiff's case to this Court for transfer to the United States District Court for the Eastern District of Pennsylvania where the

defendants may obtain counsel to represent them in further pleadings consistent with an attempt to redress the aforesaid denials of their aforesaid civil rights, praying relief as follows:

    a. Injunctive Relief dismissing plaintiff's claims for breach of contract for failure to legally commence such action pursuant to State and Federal law;

    b. Ten Thousand Dollars compensatory damages in favor of defendants;

    c. Five Million Dollars in exemplary damages for reckless, malicious, deceitful, and unlawful commencement of an action for breach of contract against a nonparty to said contract, Burl A. Howell, in violation of State and Federal law, and

    d. Five Million Dollars in exemplary damages for reckless, malicious, deceitful, and unlawful commencement of an action for breach of contract against a party to said contract, Alice A. Howell, in violation of State and Federal law;

    e. Costs of this action, including reasonable attorney fees to defendants pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976); and

    f. Such other and further relief as the court may deem appropriate.


Dated: Drumore, Pennsylvania
       May 3, 2005


Respectfully submitted,

_____ and _____
Burl A. Howell    Alice A. Howell
1128 Osceola Rd.   (Same address)
Drumore, PA 17518
717-548-2872   (Same phone)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NuCar Connection, Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 05-210 GMS |
| v. | ) | |
| | ) | |
| Alice A. Howell, | ) | |
| Burl A. Howell, | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

Defendants Alice A. Howell and Burl A. Howell, on this $3^d$ day of May, 2005, hereby certify that a true and correct copy of the foregoing Motion To Amend Judgment And For Reconsideration was served via United States Mail, first class, postage prepaid, upon the following counsel of record:

        Douglas A. Shachtman, Esq.
        Suite 302
        1200 Pennsylvania Ave.
        Wilmington, DE 19806

_____ and _____
Burl A. Howell     Alice A. Howell
1128 Osceola Rd.     (Same address)
Drumore, PA 17518
717-548-2872     (Same phone)