IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NUCAR CONNECTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-210 |
| | ) | |
| ALICE A. HOWELL, | ) | |
| BURL A. HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO AMEND**

Plaintiff, through its legal counsel, hereby opposes Defendants' Motion to Amend Judgment and for Reconsideration. In support of this opposition, Plaintiff represents the following:

**ALICE HOWELL WAITED MORE THAN TWO YEARS UNTIL THERE WAS A FINAL JUDGMENT AGAINST HER.**

1. 28 *U.S.C.* § 1446(b) requires that the notice of removal be filed within 30 days after Defendant receives the initial pleading.

2. As admitted in Defendants' Notice of Removal ("Notice") (¶1), this action was filed on August 27, 2002 against Alice Howell and served on September 11, 2002 (¶2) (see Court of Common Pleas Docket attached to Notice of Removal). She never made a timely attempt to remove the action.

3. Two years later, on September 16, 2004, judgment was entered against her at trial. Alice did not file a timely appeal or motion. Almost four months later, she filed a motion to set aside the default (sic) judgment against her, which was denied on February 11, 2005.

4. The United States District Court is not an appellate court for the Delaware Court of

Common Pleas. Therefore, Defendants know that it has no jurisdiction to address the alleged defects in service of process. Nevertheless, since Defendants have raised them, Plaintiff will briefly respond.

5. Alice now attempts to argue that she was not served properly since she was not a Delaware resident. The Howells blatantly ignore the fact that Burl admits that he received the service of process for Alice in Dover, Delaware (Docket), at the address which she listed as her residence. When service is made within the State of Delaware, the long-arm process which Howells discuss is immaterial.

6. That this argument is made in bad faith is shown by the fact that both Howells repeatedly listed their residence as Dover, Delaware (*see e.g.*, Exhibit "A"). After this was pointed out in state court, Burl Howell admitted that they "temporarily owned property, resided and were licensed to operate vehicles in Delaware" (Def. Mtn. Strike, ¶11, Exhibit "B").

7. Defendants are merely seeking to avoid execution upon the judgment against her (Notice ¶14).

**BURL HOWELL WAITED UNTIL TWO YEARS AFTER HE ANSWERED THE AMENDED COMPLAINT TO SEEK REMOVAL.**

8. On December 6, 2002, Plaintiff was granted leave to amend its complaint, adding Burl Howell. An answer was filed on his behalf by experience legal counsel, Stephen Hampton, on December 26, 2002 (Docket). Burl waited more than 2a years to file a Notice of Removal.

9. Burl now denies hiring Hampton. He never did so prior to trial. Howells attached to their motion Hampton's Affidavit, quoting part of paragraph 5 that two years later he does not recall a specific conversation with Burl Howell regarding representation. The next sentence is, "However, my practice would have been to not enter an appearance or file documents on behalf of an individual unless I was so authorized."

2

10. Hampton then noted that he sent documents to the Howells for the next 1 ½ years which denoted his representation of both of them (Affidavit ¶7).

11. Since the Howells did not attach the Exhibits to Hampton's Affidavit, Plaintiff has done so (Exhibit "C"). The Court will see that a year before trial Alice and Burl Howell signed affidavits that identified both of them as parties and provided those affidavits to Hampton, to verify answers to interrogatories (Affidavit ¶6; Exhibit "C"). There was no doubt that Burl Howell knew that Hampton was representing him.

12. Burl therefore came within the circumstance whereby service of process is not required. Court of Common Pleas Rule 5(aa)(1) provides:

> (aa)(1) Appearance: When; How Made; Withdrawal. Except as otherwise provided by statute, a defendant may appear though a summons has not been served upon the defendant. Appearance may be made by the service and filing of notice thereof, or by the service or filing of any motion or pleading purporting to be responsive to, or affecting the complaint, . . .

13. Burl furthermore failed to comply with Common Pleas Civil Rule 12(b), which requires that a challenge to jurisdiction be raised in the first responsive pleading.

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:. . .(2) lack of jurisdiction over the person, . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

**THERE ARE NO FEDERAL ISSUES PERMITTING REMOVAL**

14. Defendants originally acknowledged that this action was filed against them for breach of contract, fraud and slander (Notice ¶6), none of which render independent jurisdiction to the District Court as provided by 28 *U.S.C.* § 1441(a).

15. In their Notice of Removal, Defendants mentioned the Truth-in-Lending Act (Notice

¶13), but it was never pled.  Now they add new issues - which were also never pled - of due process, equal protection and conspiracy (Motion ¶¶8-11).  In addition to these issues never having been pled in state court and never having been raised in the original Notice, they attack the state court procedure.  Again, this court is not the forum to address these allegations.

16. In their flight of fantasy, the Howells then go on to mix and combine legal theories to argue that federal court jurisdiction "completely preempts" the solely state law claims.  They admit that preemption has not been so applied, but it should because the TILA claim - which was never pled - might be grounds for removal.  Then, while this is only a motion for reargument, Defendants add prayers for an injunction and $10,010,000.

17. Defendants' latest motion demonstrates again why attorney's fees should be awarded. Plaintiff's Motion for Rule 11 Sanctions (Exhibit "D") was served on Defendants on April 13, 2005. Defendant responded with a premature Motion to Strike on April 18, 2005.  Instead of withdrawing baseless claims, Defendants have expanded them.  Post judgment former law student Burl Howell and his wife have now filed ten motions. Unless sanctions are awarded, the Howells will burden the Court and Plaintiff with more and more frivolous motions.

**WHEREFORE** Plaintiff prays that the motion be denied and attorney's fees be imposed upon Defendants.

/s/    Douglas A. Shachtman
DOUGLAS A. SHACHTMAN, ID#756
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806
(302) 655-1800
Email Douglas.Shachtman@Verizon.net
Attorney for Plaintiff

DATED:  May 10, 2005

**CERTIFICATE OF SERVICE**

I, Douglas A. Shachtman, hereby certify that on May 10, 2005, I electronically filed PLAINTIFF'S RESPONSE TO MOTION TO AMEND with the Clerk of Court using CM/ECF. I hereby certify that on May 10, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants:

        Alice A. Howell
        Burl A. Howell
        1128 Osceola Rd.
        Drumore, PA 17518

        /s/ Douglas A. Shachtman
        DOUGLAS A. SHACHTMAN, ID756
        Email Douglas.Shachtman@Verizon.net