IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| NUCAR CONNECTION. INC. | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | C.A. No. 2002-08-521 |
| | ) | |
| ALICE A. HOWELL. | ) | |
| BURL A. HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT**

| | | |
|---|---|---|
| State of Delaware | ) | |
| | | ) SS: |
| Kent County | ) | |

Stephen A. Hampton, Esquire, being duly sworn according to law does depose and say:

1. I am an attorney admitted to practice in Delaware since 1987.

2. I was retained by Alice Howell to represent her in the above-captioned action. On or about September 27. 2002. I filed an Answer and Counterclaim on her behalf.

3. On or about December 6, 2002, Plaintiff filed its Amended Complaint (Exhibit "A" attached hereto) adding Burl Howell as a Defendant.

4. On or about December 23, 2002, I filed Answer to Amended Complaint ("Exhibit "B") on behalf of Alice and Burl Howell.

5. As of the present date, over two years later, I do not recall a specific conversation with Burl Howell regarding representation. However, my practice would have been to not enter an appearance or file documents on behalf of an individual unless I was so authorized.

6. On or about August 25, 2003, I served Defendant's Response to Plaintiff's Interrogatories, verified by affidavits from both Alice and Burl Howell (Exhibit "C").

7. From time to time, I sent the Howells copies of documents prepared by myself or received

EXHIBIT
"C"

from opposing counsel, which named Burl Howell as a Defendant. I was never advised by Burl Howell that I was not authorized to represent him, or I would have so notified the court.

8. It was my understanding and belief that I was representing Burl Howell, as well as Alice Howell from December 2002 until August 30, 2004 when I filed my Motion to Withdraw as Counsel for both Alice and Burl Howell.

_____
STEPHEN A. HAMPTON

SWORN TO AND SUBSCRIBED before me this ___16th___ day of March , 2005.

_____
NOTARY PUBLIC/NOTARIAL OFFICER

Laura Forsythe Browning, Attorney at Law
Notarial Officer - State of Delaware
Permanent Commission

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

NUCAR CONNECTION, INC.,          )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        C.A. No. 2002-08-521
                                 )
ALICE A. HOWELL and              )
BURL A. HOWELL,                  )
                                 )
        Defendants.              )

## AMENDED COMPLAINT

1.  On April 13, 2002, Alice A. Howell ("Howell") was the owner of a 2001 Ford Mustang ("Mustang") and a 2001 Ford F150 Truck ("F150").

2.  On Saturday, April 13, 2002 Howell came to NuCar Connection, Inc. t/a NuCar Chevrolet ("NuCar") to discuss the purchase of a 2002 Chevrolet Corvette ("Corvette").

3.  With authorization from Howell, NuCar obtained from Ford Motor Credit Company ("FMCC") the amount necessary to pay off the Ford F150 ($31,751.52) and the Mustang ($36,469.38). The values of the Mustang and F150 were both less than the amounts due FMCC, resulting in the condition of negative equity.

4.  Howell and NuCar entered into an agreement, subject to approval of financing, whereby Howell would trade-in the Mustang and F150 and purchase the Corvette. The negative equity was to be included in the financing of the Corvette. Howell completed credit applications.

2

5.  Howell authorized NuCar in writing to pay FMCC the quoted payoff figures.

6.  If a creditor accepted Howell's application and the proposed financing agreement, Howell was to return on Monday, April 15, 2002 to complete the documentation and to take delivery of the Corvette.

7.  On April 15, 2002, every bank or finance company to whom NuCar had applied for credit on behalf of Howell rejected her application.  One bank, Wilmington Trust Company ("WTC"), made a counterproposal.

8.  On April 15, 2002, NuCar informed Howell of the rejections and the counteroffer, resulting in the need for Howell to pay a larger downpayment, $14,000.  Howell agreed to do so.

9.  On April 15, 2002 Howell returned to NuCar, where she was shown alternative financing arrangements.  She approved the purchase of the Corvette under the new terms, signed the appropriate documents, and she agreed to pay $14,000 downpayment, although she requested that her checks be deposited at a later date to allow her to shift her funds.

10.  On April 15, 2002, NuCar contracted to re-sell the Ford Mustang.

11.  On April 17, 2002, NuCar paid FMCC $31,751.52 for the F150 and $26,469.58 for the Mustang, the amounts quoted by FMCC and approved by Howell.

12.  On April 17, 2002, Howell and her husband telephoned NuCar.  They asserted that Howell's landlord was going to increase the rent for her motel, which would adversely affect her finances.  For that reason, she stated that she wished to cancel the purchase of the Corvette.

13.  When NuCar informed Howell that it had already sold the Mustang and had paid off FMCC, so that it was not in a position to cancel the sale, Howell stated that she would stop payment on her checks.

14. Howell stopped payment on the checks totaling $14,000. She instead paid $2,279.

## COUNT I. BREACH OF CONTRACT

15. Plaintiff realleges paragraphs 1 through 14 as if fully restated herein.

16. Howell breached the contract for the purchase of the Corvette. She is obligated to NuCar in the amount of $11,720.90.

## COUNT II. UNJUST ENRICHMENT

17. Plaintiff realleges paragraphs 1 through 14 as if fully restated herein.

18. Howell has been unjustly enriched from the payoff of her loans on her F150 and Mustang and the receipt of a new 2002 Corvette.

## COUNT III. LIBEL & DEFAMATION

19. Plaintiff realleges paragraphs 1 through 18 as if fully restated herein.

20. On or about April 25, 2002 the Defendants conspired to file a complaint with the Delaware Department of Justice Consumer Protection Unit and to communicate with Wilmington Trust Company. Said Complaint and communication made several false statements, including the recitation of the facts leading up to the purchase of the Corvette. Defendant Howell's financial circumstances and the allegation that Plaintiff misstated facts to Alice Howell and Wilmington Trust Company.

21. As a proximate result of Defendants' actions, Plaintiff and its employees had to devote considerable resources to responding to the complaint and communication.

22. Upon information and belief, Defendants filed the Complaint merely to embarrass Plaintiff and to attempt to cause pressure upon Plaintiff to forego its justifiable claim.

23. Defendants libeled and defamed Plaintiff.

WHEREFORE Plaintiff prays that judgment be entered in favor of Plaintiff and against

Defendant for special and general damages, punitive damages, attorney's fees, pre- and post-

judgment interest and such other relief as this court deems proper.

DOUGLAS A. SHACHTMAN
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, Delaware 19806
(302) 655-1800
Attorney for Plaintiff

DATED: December 6, 2002

## CERTIFICATE OF SERVICE

I, Douglas A. Shachtman, hereby certify that I caused one copy of PLAINTIFF'S

AMENDED COMPLAINT to be served by First Class mail on November 26, 2002 and by fax on

December 6, 2002 to:

       By Fax: 678-3544

       Stephen A. Hampton, Esquire
       Grady & Hampton, P.A.
       6 North Bradford Street
       Dover, DE 19904

                  DOUGLAS A. SHACHTMAN

cert---serv006

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

NUCAR CONNECTION, INC.                    )
                                          )
                Plaintiff,                )
                                          )        C.A. No. 2002-08-521
            v.                            )
                                          )
ALICE A. HOWELL and                       )
BURL A. HOWELL,                           )
                                          )
                Defendants                )

## ANSWER TO AMENDED COMPLAINT

1.      Admitted.

2.      Admitted.

3.      Admitted that Howell gave NuCar permission to determine the amount of the

payoff of her vehicle. Denied that the values of the Mustang and the F150 were less than the

amounts due FMCC resulting in the condition of negative equity. As the sales contract prepared

by NuCar Connection clearly shows, the trade-in value was equal to the lien pay-off value.

4.      Denied as written. Howell did agree to purchase the Corvette subject to the

approval of financing. Denied that there was any negative equity. Denied that Howell

completed credit applications. Howell did sign one credit document after it had been completed

by dealership personnel.

5.      Admitted.

6       Admitted.

7       Denied as written. Howell is not aware of any bank or finance company to whom

NuCar applied for credit on her behalf other than Wilmington Trust Company. Admitted that

Wilmington Trust Company was willing to finance the sale of the Corvette under certain conditions

8    Denied as written. Howell is not aware of any rejection of financing for her Corvette other than that of Wilmington Trust Company. It is admitted that Howell was told by dealership personnel that she would have to pay $14,00.00 down payment.

9    Denied as written. Howell was not shown alternative financing arrangements by dealership personnel. She was told that she had to pay $14,000.00 as a down payment and when she protested that she did not have that cash currently in her account, she was told that she could pay with checks that would be deposited at a later date. She gave the dealership one check for $10,000.00 that was to be held until Friday, April 19, 2002, and a second check for $4,000.00 that was to be held until two weeks later. The original contract that she had signed was subsequently shredded in her presence, and she was instructed to sign a new blank sales agreement which was then completed by the dealership personnel.

10.    Howell does not have sufficient knowledge of the conduct of NuCar to know when it contracted to re-sell the Ford Mustang. Therefore, she can neither admit nor deny this paragraph.

11.    Howell does not have sufficient knowledge of the facts concerning when NuCar paid off Ford Motor Credit Company for her truck and Mustang. Therefore, she can neither admit or deny this paragraph.

12.    Admitted. However, Howell also was concerned because she was beginning to realize that NuCar had perpetrated a fraud upon Wilmington Trust Company in order to arrange the financing of her Corvette.

13    Denied as written. NuCar apparently claimed that it had sold the Mustang by the 17th, but also claimed that the truck was being used as a demo vehicle for the dealership. Furthermore, no dealership personnel claimed that Ford Motor Credit Company had been paid back until on or about the 22nd of April, 2002. It is admitted that on April 17, 2002 Howell told Dennis Davenport, sales manager at NuCar Chevrolet that she was going to stop payment on her checks. Dennis Davenport then threatened Howell that he would have her arrested for passing bad checks.

14    Denied as written. As of April 18, 2002, Howell had stopped payment on the checks totaling $14,000.00. By way of a check dated April 26, 2002, Howell paid NuCar $2,279.0 which is the cash down payment figure listed on the sales contract for the Corvette. The check was cashed and the money retained by NuCar Chevrolet. The memo on the check was "down payment on 2002 V06 Corvette."

15.    Defendant realleges her answers to paragraphs 1 through 14 as if fully restated herein.

16.    Denied.

17    Defendant realleges her answers to paragraphs 1 through 16 as if fully restated herein.

18    Denied.

19    Defendant realleges her answers to paragraphs 1 through 18 as if fully restated herein.

20    Denied as written.

21    Denied.

22    Denied.

23    Denied

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE 1

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE 2

Plaintiff's complaint is barred by the doctrine of accord and satisfaction.

### AFFIRMATIVE DEFENSE 3

Plaintiff's claims are barred by the doctrine of novation.

### AFFIRMATIVE DEFENSE 4

Plaintiff is barred from recovering any damages from defendant by its own fraud and unclean hands.

### AFFIRMATIVE DEFENSE 5

NuCar has intentionally violated 5 Del. Code §2907 and is subject to penalties pursuant to 5 Del. Code §2911(b).

### AFFIRMATIVE DEFENSE 6

NuCar's libel and defamation amendment to the complaint was made in bad faith and solely to harass and annoy defendant.

### AFFIRMATIVE DEFENSE 7

The contract between plaintiff and defendant upon which plaintiff is suing contains clear and unambiguous language, and Delaware law precludes the use of extrinsic evidence to interpret that clear and unambiguous language. E.I. Du Pont De Nemours v. Admiral Ins. Del. Super., 711 A.2d 45 (1995)

## AFFIRMATIVE DEFENSE 8

Plaintiff's claim of libel or defamation is barred by defendants' absolute and or conditional immunity

WHEREFORE, defendants demand judgment against NuCar on all claims of NuCar and further that defendants be awarded attorney fees, costs of the action, and such other relief as the court deems appropriate

Grady & Hampton, P.A.

Stephen A. Hampton, Esquire
6 North Bradford Street
Dover, Delaware 19904
(302) 678-1265
Attorney for Defendant

DATED: December 23, 2002

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

NU CAR CONNECTION, INC.                    )
                                           )
                    Plaintiff              )        C.A. No. 2002-08-521
                                           )
              v.                           )
                                           )
ALICE A. HOWELL and                        )
BURL A. HOWELL,                            )
                                           )
                    Defendants             )

## CERTIFICATE OF SERVICE

I hereby certify that two true copies of this Answer to Amended Complaint with Affirmative Defenses, have been sent via prepaid mail through the United States Postal Service to the following individual on the 23rd of December, 2002.

Douglass A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806

                              Grady & Hampton, P.A.


                              Stephen A. Hampton, Esquire
                              6 North Bradford Street
                              Dover, DE 19904
                              (302) 678-1265
                              Attorney for Defendants

DATED  December 23, 2002

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

NUCAR CONNECTION, INC.,            )
                                   )
            Plaintiff,             )
                                   )        C.A. No. 2002-08-521
        v.                         )
                                   )
ALICE A. HOWELL and                )
BURL A. HOWELL,                    )
                                   )
            Defendants             )

### DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES

Stephen A. Hampton, Esquire
6 North Bradford Street
Dover, DE 19904
(302) 678-1265
Attorney for Defendants

DATED: 2/25/03

Exhibit 1

of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in said interrogatory appears in your answer thereto.

H. "Person": Any reference to "person " includes a natural person, a partnership, a corporation, and unincorporated association, professional association or other form of entity.

I. "Time Period": Except where otherwise expressly stated, the information sought by these interrogatories is for the entire period beginning January 1, 2000 through the date of the answers to these interrogatories.

J. Claims of Privilege: If any information or document responsive to any of the following interrogatories is being withheld based upon any claim of privilege, please list such document or information and describe generally the material withheld, state the privilege being relied upon, and identify (as defined in paragraph D(1) hereinabove) all persons or entities who have or have had access to said matter.

K. Continuing Nature: These interrogatories are continuing. If plaintiff is unable to answer any interrogatory fully at this time, such interrogatory is to be answered to the best of plaintiff's ability. Any subsequently acquired information called for by these interrogatories is to be furnished immediately, pursuant to Rule 26(e) of the Rules of Civil Procedure.

L. Answer by Claim of Lack of Knowledge: If the answer to any interrogatory is that plaintiff lacks knowledge of the requested information, please describe all efforts made by plaintiff to obtain the information necessary to answer the interrogatory.

## GENERAL INSTRUCTIONS

In answering each interrogatory:

A. Please identify each document relied upon or which forms the basis of the answer given or the substance of which is given in answer to the interrogatory.

B. Please state whether the information furnished is within the personal knowledge of the defendant and, if it is not, furnish the name and address of each person to whom the information is a matter of personal knowledge, if known. *Re stated objection to 5 pages of instructions as overbearing, burdensome and incomprehensible.*

## INTERROGATORIES

1. For every paragraph of the Second Amended Complaint which you do not admit without reservation, state the complete factual and legal basis for your position.

*ANSWER 3, 4, 7, 8, 9, 10, 11, 13, 14 – see the answer to the Complaint. 16. Defendant is not legally obligated to plaintiff. 18 - legal conclusion, requires no response. 20. no intentionally false statements were made. 21 unknown to defendant, but doubtful. 22, see 16. 23, see 16. 25, plaint. agents were aware that income was gross and did not ca...*

*or gain speculation and or auttion and it .3 is simply a ploy by plaintiffs counsel to pressure defendant to settle.*

2. State the factual basis for each affirmative defense you assert. *1) plaintiff was paid according to the written contract. 2) see 0). 3) Original contract requiring $14,000.00 payments was replaced*

ANSWER *by second written contract without it. 4) plaintiff put number on the contract it now claims are false. 5) plaintiff claims different cash down payment from one it wrote on the contract*

3. Identify each person who possesses or claims to possess knowledge of any fact relating *6) these counts are without any legal basis.* in any manner whatsoever to the claims which are the subject of Plaintiffs' Second Amended Complaint or Defendants' Answer. For each such person, state separately:

   a. the nature of any knowledge possessed or allegedly possessed by such person, if known to you; *7) legal assertion 8) defense are made for compliant made to state agency*

   b. identify each document relating to such knowledge possessed or allegedly possessed by such person;

   c. identify the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory;

   d. identify each person from whom you have obtained statements.

ANSWER *plaintiffs agents defendants state agencys to whom these matters were reported*

4. Identify each communication between you, your employees or agent with the plaintiff, or *9) Mr Solvato* its agents. For each such communication, state separately: *letter to defendants included false at home*

   a. the date;

   b. the names of each participant;

   c. the subject matter;

   d. your best recollection of what everyone said;

   e. the location of the communication; and

   f. the identity of each document memorializing or referencing the communication, *fees and interest this letter to defends including, but not limited to, notes resulting from oral communications.* *was used because*

ANSWER *see depositions of defendants. see copies of letters to provided plain in discovery.* *1) belous an offensive) legal assertion*

5. Identify each communication between you, your employees or agents with any person

6

other than plaintiff and its agents regarding plaintiff, or the allegations which are the subject of this lawsuit. For each such communication, state separately:

    a.  the date;

    b.  the names of each participant;

    c.  the subject matter;

    d.  your best recollection of what everyone said;

    e.  the location of the communication; and

    f.  the identity of each document memorializing or referencing the communication,

including, but not limited to, notes resulting from oral communications.

**ANSWER** *All such conversations not protected by attorney client priviledge were fully disclosed and described at deposition*

6. State the complete factual basis (as defined) for your affirmative defense of accord and satisfaction. *See #2*

**ANSWER**

7. State the complete factual basis (as defined) for your affirmative defense of novation.

**ANSWER** *See #2*

8. State the complete factual basis (as defined) for your affirmative defense of 5 Del.C. §§ 2907 and 2911(b). *See #2*

**ANSWER**

9. State the complete factual basis (as defined) for your affirmative defense of immunity.

**ANSWER** *See #2*

7

10. State the complete factual basis (as defined) for your affirmative defense of violations of the Fair Debt Collection Practices Act. For each violation, state separately the following:

        a. the date and time of the violation;

        b. identify the person making the violation;

        c. identify each person who was a witness to the violation;

        d. describe as exactly as you are able the exact violation;

        e. identify each document memorializing the violation;

ANSWER          *See # 2*


11. State the complete factual basis (as defined) for your affirmative defense that the obligations alleged in the Complaint were superseded and discharged by subsequent agreements. For each agreement, state separately the following:

        a. the date and time of each action which superseded said agreement;

        b. identify each person who was a witness to the superseding action;

        c. state as exactly as you are able the exact action which superseded said agreement;

        d. identify each document memorializing the superseding action.

*See # 2*

ANSWER


12. Identify each expert whom you expect to call as a witness at trial. Describe the substance of the facts and/or opinions to which he or she is expected to testify and a summary of the grounds for each opinion.    *None*

ANSWER


13. Identify each person who possesses or claims to possess knowledge of any fact relating in any manner whatsoever to Defendants' claim regarding Plaintiff's reputation. For each such person, state separately:

        a. the nature of any knowledge possessed or allegedly possessed by such person, if known to you;

b.   identify each document relating to such knowledge possessed or allegedly possessed by such person;

c.   Identify the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory;

d.   identify each person from whom you have obtained statements.

ANSWER    *Vu Kuown to defendants. no such witness will be called at trial. Defendants have no first hand knowledge of such persons.*

14.   State your position as to the value of your Ford F150 on or about April 15, 2002. Identify each document, web site or other source which you have consulted to express your opinion.

ANSWER    *The value of the F150 was the value assigned to it by plaintiff in the written contract. A truck is worth what some one will pay for it.*

15.   State your position as to the value of your Ford Mustang on or about April 15, 2002. Identify each document, web site or other source which you have consulted to express your opinion.

ANSWER    *same answer for the Mustang as for the F150*

16.   State the amount necessary to pay the Ford Motor Credit Company account on your Ford F150 on or about April 13, 2002. Identify each document, web site or other source which you have consulted to express your opinion.

ANSWER    *defendant has no knowledge other than through ~~defendant~~ plaintiff.*

17.   State the amount necessary to pay the Ford Motor Credit Company account on your Mustang on or about April 13, 2002. Identify each document, web site or other source which you have consulted to express your opinion.    *see 16*

ANSWER

9

18. On or about April 13, 2002 state the market value of the 2002 Chevrolet Corvette.
Identify each document, web site or other source which you have consulted to express your opinion.

ANSWER    *Market. Value B What some one is willing to pay for it. The price on the April 15, 2002 contract is the best evidence.*

_Douglas A. Shachtt_

DOUGLAS A. SHACHTMAN
Douglas A. Shachtman & Associates
1200 Pennsylvania Ave., Suite 302
Wilmington, DE 19806
(302) 655-1800
Attorney for Plaintiff,

DATED: June 20, 2003

_Stephen A. Hampton_

Stephen A. Hampton
6 North Bradford St.
Dover, DE 19904
(302) 678-1265
Attorney for Defendants

Date: 8/15/03

interrogs714

10

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

NUCAR CONNECTION, INC.    )
                          )
            Plaintiff,    )
                          )       C.A. No. 2002-08-521
        v.                )
                          )
ALICE A. HOWELL and       )
BURL A. HOWELL,           )
                          )
            Defendants    )

## AFFIDAVIT

STATE OF ~~DELAWARE~~ *PA*

COUNTY OF ~~KENT~~ *Lancaster*    s.s.

BEFORE ME, the undersigned authority, Notary in and for the State and County aforesaid, on the 20 day of *August* ,2003, personally came and appeared Burl Howell, who after first duly sworn, did depose and say that he is the Plaintiff in the above named case and that the attached interrogatory answers are true and correct to the best of his knowledge, information and belief.

~~BURL~~ A. HOWELL

SWORN TO AND SUBSCRIBED before me on the date above written.

NOTARY PUBLIC

Notarial Seal
Josephine D. Seila, Notary Public
Quarryville Boro, Lancaster County
My Commission Expires Apr. 24, 2006
Member, Pennsylvania Association Of Notaries

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

NUCAR CONNECTION, INC. ·      )
                              )
        Plaintiff,            )
                              )        C.A. No. 2002-08-521
        v.                    )
                              )
ALICE A. HOWELL and           )
BURL A. HOWELL,               )
                              )
        Defendants            )

## AFFIDAVIT

STATE OF ~~DELAWARE~~  *PA*

                            s.s.
COUNTY OF ~~KENT~~  *Lancaster*

BEFORE ME, the undersigned authority, Notary in and for the State and County

aforesaid, on the _20_ day of _August_ ,2003, personally came and appeared Alice Howell,

who after first duly sworn, did depose and say that she is the Plaintiff in the above named case

and that the attached interrogatory answers are true and correct to the best of her knowledge,

information and belief.

                                    _____
                                    ALICE A. HOWELL

SWORN TO AND SUBSCRIBED before me on the date above written.

                                    _____
                                    NOTARY PUBLIC

```
        Notarial Seal
   Josephine D. Sella, Notary Public
  Quarryville Boro, Lancaster County
  My Commission Expires Apr. 24, 2006
Member, Pennsylvania Association Of Notaries
```

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

NUCAR CONNECTION, INC.,                    )
                                           )
        Plaintiff/Counterclaim Defendant,  )    C.A. No.: 2002-08-521
                v.                         )
                                           )
ALICE A. HOWELL,                           )
                                           )
        Defendant/Counterclaim Plaintiff.  )

## CERTIFICATE OF SERVICE

Pursuant to Court of Common Pleas Rule 5(d), the Undersigned certifies:

Two true copies of **Defendant's Response to Plaintiff's Interrogatories and Affidavits** were served on:

> Douglas A. Shachtman, Esquire
> 1200 Pennsylvania Ave., Ste. 302
> Wilmington, DE 19806

A.    Service was made by mailing two copies postage pre-paid through the United States Postal Service on August 25, 2003.

B.    The original **Defendant's Response to Plaintiff's Interrogatories and Affidavits** have been retained by the undersigned as custodian.

GRADY & HAMPTON, P.A.

Stephen A. Hampton, Esquire
6 North Bradford Street
Dover, DE 19904
(302) 678-1265
Attorney for Defendants