IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| NuCar Connection, Inc., | ) <br> ) <br> ) |
| Plaintiff | ) <br> ) Civil Action No. 2002-08-521 |
| v. | ) <br> ) |
| Alice A. Howell, <br> Burl A. Howell, | ) <br> ) <br> ) |
| Defendants | ) |

## DEFENDANT'S MOTION TO STRIKE

The Defendant Burl A. Howell respectfully requests pursuant to Civil Rule 12(f) of this court, that <u>Plaintiff's Motion For Rule 11 Sanctions</u> be stricken for the following reasons:

1. This Court lacks jurisdiction to entertain Plaintiff's motion for sanctions because its action is pending in the federal court system on a Notice of Removal jointly filed by Defendants.

2. Plaintiff's counsel is precluded by this Court's order of 11/16/2004 from rearguing the issue of whether or not the judgment vacated by the Court was a "default judgment."

3. Defendant Burl A. Howell's motion to dismiss is, in the words of this Court, "case dispositive," or thus unavoidably exculpatory as to Defendant Alice A. Howell.

4. There is no procedural bar to relief as suggested by Plaintiff's counsel because a challenge to subject matter may be raised at any time in any venue.

5. Defendant Burl A. Howell denies that the handing to him in Delaware of a summons

EXHIBIT
"B"

naming only his wife, then not present in the State, would in any way be sufficient service of process on her if she can establish that she was not then legally domiciled in Delaware, or on him, irregardless of his legal domicile, since the summons did not name him as defendant.

6. Stephen Hampton was not hired by Defendant Burl A. Howell to appear for him in response to any pleading filed by Plaintiff's counsel.

9. The affidavit requested from Burl A. Howell by Alice A. Howell's lawyer, Stephen Hampton, was submitted by Mr. Hampton on Mrs. Howell's behalf alone as the affidavit of Mr. Howell as a *witness* to a credit transaction between Plaintiff and Alice A. Howell which resulted in her individual purchase of a car from Plaintiff whose Truth in Lending disclosures to her by written contract were inconsistent with Plaintiff's allegations of a collateral agreement allegedly breached by Defendants.

10. The strict rule of law stated in the Superior Court case of Coston v. Brown, Not Reported in A.2d, 2004 WL 2419173 (Del. Super. Sept. 10, 2004), concerning proceedings not legally commenced is clear, they are a nullity and must be vacated.

11. Where Defendants consistently filed income taxes and maintained an address in Pennsylvania with the essential *intent* to be domiciled there and not Delaware, the fact that they temporarily owned property, resided, and were licensed to operate vehicles in Delaware does not relieve Plaintiff of the duty under Coston to request service of process in the manner required by the Delaware Long Arm statute mentioned in that case, but only provides the minimal contacts with Delaware sufficient to warrant service upon the Secretary of State for proceeding against a defendant who must be served in the manner prescribed by that statute.

12. Defendant Burl A. Howell, who was never served in strict compliance with any rule

or statute of this State, and who made no appearance prior to entry of judgment either by himself or Mr. Hampton, had, and continues to have the right under current law of this State to challenge personal and subject matter jurisdiction of this and any court attempting to exercise authority over him or his property for third-party breach, slander, and fraud, believed by Defendant Burl A. Howell not to be a judicially cognizable tort or cause of action in this State.

13. Defendant Burl A. Howell's contentions that the terms of the subject contract do not provide for third-party liability and that a direct action against him as a third party is inconsistent with terms of that contract and with policies and laws of this State authorizing such contract, are boiler plate and therefore cannot be viewed, unless by abuse of discretion, as a valid basis for imposition of sanctions under this Court's Rule 11.

Respectfully submitted

Burl A. Howell
1128 Osceola Rd.
Drumore, PA 17518
717-548-2872

## CERTIFICATE OF SERVICE

Defendant Burl A. Howell, on this 22nd day of April, 2005, hereby certifies that a true and correct copy of the foregoing was served via United States Mail, first class, postage prepaid, upon Douglas A. Shachtman, Esq., Suite 302, 1200 Pennsylvania Ave., Wilmington, DE 19806.

Burl A. Howell
1128 Osceola Rd.
Drumore, PA 17518
717-548-2872