IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NuCar Connection, Inc., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 05-210 GMS |
| | ) |
| Alice A. Howell, | ) |
| Burl A. Howell, | ) |
| | ) |
| Defendants | ) |

REPLY TO PLAINTIFF'S RESPONSE
TO MOTION TO AMEND

Defendant, Burl A. Howell, seeks leave of Court to Reply to Plaintiff's Response for the following reasons:

1. Subsequent to remand of this removed action, but prior to expiration of the 10-day limitation on the filing of a motion for amendment of judgment, Plaintiff obtained a hearing on its motion to compel and for sanctions before Judge John K. Welch of the Court of Common Pleas in and for New Castle County, State of Delaware.

2. Following oral argument, Judge Welch dismissed the Plaintiff's action against Burl A. Howell, *with prejudice*, and removed him from Plaintiff's action. (See attached Order).

3. The Court of Common Pleas did not have jurisdiction over Alice A. Howell because her appeal is pending before the Superior Court of New Castle County, State of Delaware.

4. The common law applicable to claims of allegedly defective service of process, Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 72 Fair Empl.Prac.Cas.(BNA) 966, 35 Fed.R.Serv. 3d

-1-

1125 (3d Cir. 1996), expressly providing "[t]he parties cannot waive a void summons[,]"and

Coston v. Brown, Not Reported in A.2d, 2004 WL 2419173 (Del. Super. Sept. 10, 2004), which

expressly provides "[i]t is well-settled Delaware law that strict compliance with the provisions of

Section 3104 or Section 3112 is necessary to perfect service [of out-of-state-defendants,]" as

demonstrated by the attached Order, does not support Mr. Shachtman's argument that a court's

personal jurisdiction over the matter may be otherwise acquired

      7. "Because Plaintiff's attempt at service of process [for either out-of-state defendant in a

manner other than that which is prescribed by Section 3104] was defective, [state court] did not

acquire *in personam* jurisdiction over the matter. Because service has not been perfected within

the applicable limitations period,[1] this action must be dismissed." Coston.


Dated: Drumore, Pennsylvania

     May 13, 2005


Respectfully submitted,

_____

Burl A. Howell
1128 Osceola Rd.
Drumore, PA 17518
717-548-2872

---

[1] Common law claims must be legally commenced in 3 years. 10 Del. C. 2001, § 8106.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| NuCar Connection, Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 05-210 GMS |
| v. | ) | |
| | ) | |
| Alice A. Howell, | ) | |
| Burl A. Howell, | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

Defendant, Burl A. Howell, on this 13th day of May, 2005, hereby certifies that a true and correct copy of the foregoing was served via United States Mail, first class, postage prepaid, upon the following counsel of record:

Douglas A. Shachtman, Esq.
Suite 302
1200 Pennsylvania Ave.
Wilmington, DE 19806

Burl A. Howell
1128 Osceola Rd.
Drumore, PA 17518
717-548-2872

-3-

## IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| NUCAR CONNECTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2002-08-521 |
| | ) | |
| ALICE A. HOWELL and | ) | |
| BURL A. HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

**HAVING CONSIDERED** Plaintiff's Motion for Rule 11 Sanctions; Defendants' Motion to Strike; Defendants' Consolidated Motion to Dismiss With Prejudice, including Defendants' Motion to Quash Purported Service, and Motion to Dismiss Due to Lack of Personal Jurisdiction, and finally Defendants' Motion to Dismiss Due to Expiration and the Statute of Limitations and Plaintiff's response thereto, the Court enters the following final dispositions:

Following Oral Argument, **IT IS HEREBY ORDERED** that Co-Defendant Burl A. Howell's Motions are DENIED except for Defendant's Burl A. Howell's Motion to Dismiss with Prejudice which is GRANTED for the reasons set forth in his motion and by the Court, *sua sponte*; Co-Defendant Burl A. Howell is removed as a party defendant in this action; Plaintiff's Motion for Rule 11 Sanctions is DENIED; Plaintiff's Motion to Compel is GRANTED, in part, in accordance with the Order attached hereto but is limited to Co-Defendant Alice A. Howell;

To the extent any of said Motions purport to be filed or presented by co-defendant Alice A. Howell said Motions are DENIED with prejudice.

10·2005 10·53 FAX 302 255 2241                                                                    ✍004

Co-Defendant's Motion to Remove to Federal Court is moot pursuant to Federal Court's

Order dated April 26, 2005 remanding the matter to this Court as untimely filed;

**IT IS SO ORDERED** this 3rd day of May, 2005.

_____
John K. Welch
Associate Judge