IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUCAR CONNECTION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-210 GMS |
| | ) |
| ALICE A. HOWELL and | ) |
| BURL A. HOWELL, | ) |
| | ) |
| Defendants. | ) |

### ORDER

WHEREAS, on April 26, 2005, the court issued an Order (D.I. 5) granting NuCar Connection, Inc.'s ("NuCar") Motion to Deny Removal (D.I. 2), which the court construed as a motion to remand;

WHEREAS, the court found that Alice A. Howell and Burl A. Howell's (collectively, the "defendants") notice of removal was not timely;

WHEREAS, the Order directed the Clerk of Court to remand the case to the Court of Common Pleas for New Castle County, Delaware;

WHEREAS, on May 3, 2005, the defendants filed a Motion to Amend Judgment and for Reconsideration (D.I. 6);

WHEREAS, on May 10, 2005, NuCar filed a response (D.I. 7) opposing the defendants motion and renewing its request for attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure;

WHEREAS, as a general rule, motions for reconsideration should be granted only "sparingly." *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991);

WHEREAS, in this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See, e.g.*, *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998);[1]

WHEREAS, pursuant to Federal Rule of Civil Procedure Rule 11, a court has the authority to award sanctions if a party has presented a motion for an "improper purpose," the claims or defenses set forth in a motion are frivolous, the claims in a motion are not likely to be supported by the evidence after investigation, or a party wrongfully denies a factual allegation;

WHEREAS, after having considered the parties' submissions (D.I. 6, 7), the court concludes that it has not: (1) patently misunderstood the defendants; (2) made a decision outside the adversarial issues presented by the parties; or (3) made an error of apprehension; and

WHEREAS, the court also concludes that an award of attorney's fees to the plaintiffs, pursuant to a motion for Rule 11 sanctions is not warranted;

---

[1] Moreover, even if the court has committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision. *See Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 455 (D. Del. 1998).

IT IS HEREBY ORDERED that:

1. The defendants' Motion to Amend and for Reconsideration (D.I. 6) is DENIED.

2. The plaintiff's request for attorney's fees is DENIED.

Dated: May 19, 2005                              /s/ Gregory M. Sleet
                                                 UNITED STATES DISTRICT JUDGE